FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**August 10, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROBERT NDYABAGYE,

    Defendant - Appellant.

No. 22-2045
(D.C. No. 1:18-CR-04164-KWR-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT***
_____

Before **MATHESON**, **EID**, and **ROSSMAN**, Circuit Judges.
_____

Robert Ndyabagye pleaded guilty to interference with interstate commerce by

robbery and violence in violation of 18 U.S.C. § 1951, and possession and

brandishing of a firearm in furtherance of a crime of violence in violation of

18 U.S.C. § 924(c)(1)(A)(ii).  The district court sentenced Mr. Ndyabagye to

41 months on the robbery count and 84 months on the firearm count, to run

consecutively.  Although Mr. Ndyabagye's plea agreement contained an appeal

waiver, he now seeks to appeal his sentence.  The government has filed a motion to

enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315, 1328

---

    * This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(10th Cir. 2004) (en banc) (per curiam).  We grant the government's motion and dismiss the appeal.

In calculating the sentencing guideline range, the district court applied a two-level enhancement to the applicable offense level under U.S.S.G. § 2B3.1(b)(4)(B).  That enhancement applies where the court finds by a preponderance of the evidence that in carrying out the robbery the defendant physically restrained the victim.  The two-level enhancement increased the advisory sentencing guideline range for the robbery count to 41 to 51 months.  Absent the enhancement, Mr. Ndyabagye asserts the range would have been 33 to 41 months. He contends the district court committed legal error in applying § 2B3.1(b)(4)(B) and seeks to appeal his sentence solely on that basis.

We consider three factors in determining whether to enforce an appeal waiver in a plea agreement:  (1) whether the disputed appeal falls within the scope of the waiver; (2) whether the waiver was knowing and voluntary; and (3) whether enforcing the waiver would result in a miscarriage of justice.  *Hahn*, 359 F.3d at 1325.  Mr. Ndyabagye does not dispute that the waiver was knowing and voluntary, so we need not address that factor, *see United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005).

Concerning the waiver's scope, "we will strictly construe appeal waivers and any ambiguities in these agreements will be read against the Government and in favor of a defendant's appellate rights."  *Hahn*, 359 F.3d at 1325 (brackets and internal quotation marks omitted).  Here, the waiver provided in relevant part:

2

> The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, within the statutory maximum authorized by law, as well as any order of restitution entered by the Court.

Plea Agreement at 8-9. We see no ambiguity in this language. Because Mr. Ndyabagye does not contend that his sentence exceeded the applicable statutory maximums, his challenge to the two-level enhancement falls squarely within this appeal waiver.

Mr. Ndyabagye argues that enforcing the appeal waiver would be a miscarriage of justice because the waiver is "otherwise unlawful." *Hahn*, 359 F.3d at 1327. He contends that if he is not allowed to appeal under the circumstances presented here, then "these plea agreements are nothing more than contracts of adhesion." Resp. at 8. We understand his argument to be a policy-based objection to appeal waivers, which this court has rejected. *See id.* at 1318 (stating that "public policy strongly supports [appellate] waivers as they benefit defendants, the government, and society at large").

For the foregoing reasons, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court
Per Curiam
